UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-1323
(CA-98-17-6)

Deborah W. Palmer, et al,

Plaintiffs - Appellants,

versus

Prudential Insurance, etc.,

Defendant - Appellee.

O R D E R

The court amends its opinion filed May 12, 2000, as follows:

On the cover sheet, section 5, line 3 -- Judge Godbold is with the Court of Appeals "for <u>the</u> Eleventh Circuit ...."

On page 5, first full paragraph, line 11 -- the wording is corrected to read "formality of review <u>at</u> this stage ...."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEBORAH W. PALMER; DAVID G.
PALMER,
<u>Plaintiffs-Appellants,</u>

v.                                                                      No. 99-1323

PRUDENTIAL INSURANCE COMPANY OF
AMERICA, a corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CA-98-17-6)

Argued: April 3, 2000

Decided: May 12, 2000

Before LUTTIG and MOTZ, Circuit Judges,
and John C. GODBOLD, Senior Circuit Judge of the
United States Court of Appeals for the Eleventh Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard Allen Hayhurst, Parkersburg, West Virginia, for
Appellants. James Rudolph Martin, JACKSON & KELLY, P.L.L.C.,
Charleston, West Virginia, for Appellee. **ON BRIEF:** Karen M.R.

Weber, JACKSON & KELLY, P.L.L.C., Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deborah and David Palmer appeal from the district court's denial of its motion under Federal Rule of Civil Procedure 59 for reconsideration of that court's grant of summary judgment to The Prudential Insurance Company of America ("Prudential") on the Palmers' claim that Prudential violated its fiduciary duties to Ms. Palmer under The Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., ("ERISA") in denying her claim for long-term total disability benefits. Finding no error on the part of the district court, we affirm.

I.

Plaintiff-appellant Deborah Palmer was employed by defendant-appellee Prudential from 1990 through 1995. During her employment, Palmer enrolled in a disability insurance plan ("Plan") that was administered and insured by Prudential and subject to the terms of ERISA. Palmer became seriously ill, and claimed and received disability benefits for a period of 24 months. Pursuant to the terms of the Plan, after 24 months, a Plan participant is eligible to collect long-term total disability benefits, which are available only if the participant is "totally disabled." In September 1997, after Palmer had been collecting benefits for almost 24 months, Prudential retained an independent physician, Dr. Edward Doyle, to evaluate Palmer's condition and to determine whether she was totally disabled. Although Palmer's own doctors had separately examined her and concluded that she was totally disabled, Dr. Doyle determined that she was not. On November 20, 1997, relying largely on Dr. Doyle's conclusions, Prudential denied Palmer's application for long-term total disability benefits.

2

Eight days later, Palmer requested administrative review of Prudential's decision under a Plan provision providing that a claimant who believes that he was erroneously denied benefits may seek review of that decision by submitting a written request for such. See J.A. 311. Although the relevant Plan provision provides that Prudential will respond to review requests within 60 days of receipt thereof, see id., Palmer and her husband filed suit before 60 days had elapsed, claiming that Prudential, as administrator of the Plan, had violated its fiduciary duties to her in denying her long-term disability benefits and in failing to review its initial denial decision. The district court granted summary judgment in Prudential's favor, and the Palmers moved for reconsideration of that determination under Federal Rule of Civil Procedure 59, arguing that the grant of summary judgment was unsupported by the record. The district court denied that motion, and the Palmers appealed.

II.

In arguing that Prudential violated its fiduciary duties to Ms. Palmer, the appellants appear to focus their case on two claims in particular: that Prudential erroneously denied long-term total disability benefits to Palmer, and that Prudential failed in its duty to provide administrative review of its initial denial decision. With respect to both claims, we conclude that the district court did not err in entering summary judgment in Prudential's favor.

As to the decision to deny benefits, the Palmers claim that Prudential erred in relying on Dr. Doyle's assessment of Ms. Palmer's condition rather than on that of her own doctors. Applying the modified abuse of discretion standard applicable to the benefits decisions of plan administrators who act also as plan insurers, the district court concluded that Dr. Doyle's assessment provided the substantial evidence required to sustain the Plan administrator's benefits determination. We agree. As the district court noted, the question whether Palmer was totally disabled amounted to nothing more than "a difference of opinion between two physicians." J.A. 697-98. There is nothing in the record to suggest that Dr. Doyle's assessment was somehow unreliable, such that reliance thereon by Prudential would have been impermissible. In fact, Palmer's own treating physician, Dr. Vincent Mazzella, testified that, although he did not agree with Dr. Doyle's

3

conclusions, those conclusions were not "unreasonable or outrageous" and that he "could see where [Dr. Doyle] came to those conclusions." J.A. 331.**1** Under these circumstances, we conclude that substantial evidence existed to support Prudential's decision to deny benefits to Palmer, and that the district court thus correctly entered summary judgment in favor of Prudential on the claim that benefits were erroneously denied.

As to the failure to provide administrative review, ERISA provides that all plans subject to its terms must provide a claimant who is denied benefits with "a reasonable opportunity . . . for a full and fair review by the appropriate named fiduciary of the decision denying the claim," 29 U.S.C. § 1133(2), and the Plan's written review request procedure constitutes a mechanism for the provision of that reasonable opportunity for review.**2** Palmer requested review here, but filed suit well before the expiration of the 60-day period in which Prudential was to review its decision to deny her benefits, and Prudential never actually conducted the review.**3** The district court held that, by pursuing judicial remedies prior to the expiration of the 60-day review

_____

**1** Subsequent to the district court's grant of summary judgment to Prudential, Dr. Mazzella submitted to the court an affidavit emphasizing that he did not believe that Dr. Doyle's conclusions were reasonable. However, even in the absence of Dr. Mazzella's testimony as to the reasonableness of Dr. Doyle's analysis, the record provides no basis for discrediting Dr. Doyle's assessment.

**2** The Plan summary provided to participants states that:

> If you believe your rights or benefits under the Disability Benefits Plans were denied unfairly, you may request within 60 days, in writing, a review of the decision. You . . . may submit a written argument against the denial to the Employee Benefits Plans Division . . . . You or your representative can arrange to examine any plan documents that affect your claim. You will be informed in writing within 60 days after receipt of your request for review.

J.A. 311.

**3** Prudential has not argued at any stage in this litigation that the Palmers' claim should be dismissed for failure to exhaust administrative remedies, and we thus do not address ourselves to that question, or to the question whether, assuming that exhaustion was required, the futility exception to that requirement would apply on these facts.

period, the Palmers waived their right to administrative review of the benefits denial decision. We agree that Palmer has effectively waived her right to review.

Significantly, section 1133 provides not that plans <u>shall conduct</u> review in all cases; rather, it states only that plans must "<u>afford a reasonable opportunity</u>" for such review. Prudential provided that statutorily required opportunity and, by all indications, would have reviewed its decision to deny benefits had the Palmers fully availed themselves of that opportunity by refraining from pursuing judicial remedies within the 60-day review period. Given that two years of litigation have since ensued, during which Prudential has presumably developed its position concerning the propriety of the decision to deny benefits, we cannot say that requiring Prudential to go through the formality of review at this stage would in any way enhance the reasonableness of the opportunity for review provided to Palmer. We thus conclude that the district court properly entered summary judgment in Prudential's favor on the claim that the Palmers are entitled to administrative review of the benefits denial decision.

The Palmers' challenge several other aspects of Prudential's administration of the Plan, ranging from the adequacy of the written Plan documentation provided to participants, to Prudential's decision to assign a junior employee to perform some of the tasks involved in processing Ms. Palmer's claim. Having had the benefit of briefing and oral argument, and having reviewed the record before us, we find these and the remainder of the Palmers' claims to be without merit.

<u>CONCLUSION</u>

For the reasons stated herein, the judgment of the district court is affirmed.

<u>AFFIRMED</u>

5